UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

THE MORNINGSIDE GROUP LIMITED,

    Plaintiff,

v.

MORNINGSIDE CAPITAL CORPORATION,

    Defendant.

Civil Action No. _____

**Jury Trial Demanded**

---

**COMPLAINT**

*Introduction*

1. This action involves trademark infringement and unfair competition by the defendant Morningside Capital Corporation ("Morningside Capital") in its efforts to trade off the famous and highly-regarded MORNINGSIDE trademark ("MORNINGSIDE"). The MORNINGSIDE mark is owned by the plaintiff The Morningside Group Limited ("Morningside Group"), and is the subject of United States Trademark Registration No. 2358945.

2. More specifically, the MORNINGSIDE mark has been used for decades by Morningside Group and its founders, the Chan family of Hong Kong, in connection with extensive financial activities in the United States, China, and throughout the world. Among other things, Morningside Group and/or its licensees organize and structure venture capital investments in and licensing relationships with companies that develop drugs and pharmaceutical products for distribution in Asia. Morningside Group and its licensees also organize, structure, and, in some cases, are licensees under licensing relationship with North American publishers for publication and distribution of various media publications.

3.     The MORNINGSIDE mark is famous in the market for high-level financial services, in which it has become synonymous with Morningside Group, its affiliates, and its licensees, and their excellent reputation and success. Morningside Group has been featured in articles in *Business Week, Forbes*, and other influential and well-known financial publications.

4.     The fame and breadth of Morningside Group's use of the MORNINGSIDE mark for investment-related activities has been recognized by the United States Court of Appeals for the Second Circuit, in *The Morningside Group Ltd. v. Morningside Capital Group L.L.C.*, 182 F.3d 133 (2d Cir. 1999). Indeed, in that case, representatives from J.P. Morgan, C.S. First Boston, Goldman Sachs, Lehman Brothers, Brown Brothers Harriman, John Hancock International Holdings, persons involved in investing the assets of organizations such as Princeton University, the United Negro College Fund, and a host of other institutions and pension funds, and well-known figures including Dr. Lester Thurow, Professor of Economics at the Sloan School of the Massachusetts Institute of Technology, testified about the reputation and fame of the MORNINGSIDE mark.

5.     On information and belief, the defendant Morningside Capital was founded in approximately 2000, shortly after the Second Circuit's decision holding, as a matter of law, that the use by another firm of the name "Morningside Capital" infringed Morningside Group's trademark rights. The Morningside Capital involved in this case claims that its purpose is to operate as a generic pharmaceutical merchant bank. Among other things, it provides investment capital and management consulting to companies engaged in a variety of different ventures, including pharmaceuticals, media publishing, and garden products. That is, it purports to provide the identical services offered by Morningside Group in fields where Morningside Group already provides such services, using the same mark. On information and belief, Morningside

Capital chose the MORNINGSIDE trademark either with full knowledge of the prior use of, rights in, and fame of the MORNINGSIDE mark used by Morningside Group, or at a minimum with no effort whatsoever to determine whether the mark was already being used in commerce.

6. Morningside Group seeks injunctive relief and damages to prevent Morningside Capital from deceiving and confusing consumers, and from destroying the reputation and goodwill built up by Morningside Group in the MORNINGSIDE mark.

### *Parties*

7. The plaintiff, Morningside Group, is a British Virgin Islands company. Morningside Group is the owner of the MORNINGSIDE trademark. A true and accurate copy of the Certificate of Registration for the MORNINGSIDE mark is attached hereto as Exhibit A.

8. On information and belief, the defendant, Morningside Capital, is an Ontario corporation with a principal place of business in Toronto, Canada. Morningside Capital maintains a ".com" website at www.morningsidecapitalcorp.com, through which it offers its services in the United States. Indeed, on its website, Morningside Capital makes numerous references to its U.S. capabilities and interests, and to investments it has already made in the United States.

### *Jurisdiction and Venue*

9. This Court has subject matter jurisdiction under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and because the parties are completely diverse and the amount in controversy exceeds $75,000. Federal subject matter jurisdiction is therefore conferred by 29 U.S.C. § 1331 (federal question and diversity), 28 U.S.C. § 1338(b) (unfair competition), and 15 U.S.C. § 1121 (Lanham Act).

10. This Court has personal jurisdiction over the defendant pursuant to Fed. R. Civ. P. 4(k).

11.     Venue is proper in this district pursuant to 29 U.S.C. § 1391.

*Background Facts*

**A.     *Morningside Group and the MORNINGSIDE Mark***

12.     In the late 1980s, members of the Hong Kong-based Chan family began building a financial investment business. At that time, they selected the MORNINGSIDE mark to identify their evolving corporation and its affiliates, subsidiaries and licensees. The Chans chose the name MORNINGSIDE because of the positive connotations of the word "morning" in Chinese, and because the first member of their family to be educated in the United States attended Columbia University in New York City's Morningside Heights neighborhood.

13.     Since that time, Morningside Group and its licensees have engaged in a broad range of financial activities in the United States, including structuring and financing investments in United States companies and in managing acquisitions and investments. Among other things, Morningside Group and its licensees:

- arrange and are the conduit for the supply of capital for numerous U.S. companies, similar to the services provided by investment bankers, banks and venture capitalists;

- solicit and structure third-party equity investment in U.S. companies, much like investment bankers, banks and venture capitalists;

- structure debt financing for U.S. companies, bringing together companies in need of such financing with the banks and other lending institutions interested in providing it;

- assist in managing U.S. businesses, much like management consulting firms;

- negotiate joint venture and technology licenses with U.S. companies, similar to the services provided by investment bankers, venture capitalists, and other intermediaries; and

- solicit participation from U.S. businesses, institutional investors, and wealthy individuals in investment funds directed to China and Asia, and

operates and advises these funds, similar to services provided by mutual funds or other investment funds.

14. These services are provided through a variety of subsidiaries, affiliates and licensees, including Morningside Group, Morningside Technology Advisory LLC, Morningside (China) Ltd., Morningside Asia Advisory Ltd., and others.

15. The market in which the Morningside Group provides services under the MORNINGSIDE mark includes venture capitalists, large commercial banks, significant institutional investors, investment banks, wealthy private investors, business owners, and the attorneys and accountants that advise these individuals or entities.

16. The MORNINGSIDE mark is famous in the market for high-level financial services. In this market, reputation is critical. Among the small circle of professionals that participate in this market, the MORNINGSIDE mark has become synonymous with the Morningside Group, the Chan family, and their excellent reputation and success.

**B.    *Morningside Capital Corporation's Misappropriation of the MORNINGSIDE Mark***

17. On information and belief, the defendant Morningside Capital was founded in approximately 2000 to operate as a generic pharmaceutical merchant bank. Among other things, it provides exactly the same type of investment capital and management consulting to companies engaged in a variety of different ventures, including pharmaceuticals, media publishing, and garden products, as does Morningside Group.

18. For example, on information and belief, in November 2003, Morningside Capital acquired a controlling interest in a company called Biogenerics, Ltd., an entity that develops, manufactures, acquires and distributes generic pharmaceutical products. According to a November 24, 2003 press release, Morningside Capital "intends to provide the necessary capital and management direction" to Biogenerics. On information and belief, through this Biogenerics,

Morningside Capital entered into a marketing agreement with a New Jersey-based company to market, distribute and sell a line of herbal alternatives to popular medications.

19. Similarly, on information and belief, in March 2004, Morningside Capital entered into an agreement with a company to provide financing for marketing and area development of various natural products for the garden in the United States and Canada.

20. Morningside Capital thereby provides the same services using essentially the same name as Morningside Group. Indeed, Morningside Capital often shortens its own name to "Morningside," the exact trademark owned by Morningside Group.

21. Morningside Capital claims to be operated by senior executives with decades of experience in establishing new ventures, and in marketing and public relations. It is inconceivable that such persons either did not know about Morningside Group or took no action whatsoever to determine whether they were infringing the registered trademarks of other companies. On information and belief, therefore, Morningside Capital chose its name with the bad faith intent to trade off the reputation built in painstaking fashion by the Chan family in the MORNINGSIDE trademark.

22. Given the actual and potential overlap between the business and services of Morningside Group and Morningside Capital, there is a strong likelihood of confusion as to the affiliation, connection, and/or association of Morningside Capital and its services with Morningside Group, or as to the origin, sponsorship, or approval of Morningside Capital's services.

23. As a result, Morningside Capital's use of the MORNINGSIDE mark is likely to cause Morningside Group substantial and irreparable harm.

24. In view of these circumstances, on February 27, 2004, Morningside Group wrote to Morningside Capital informing it of Morningside Group's rights to the MORNINGSIDE mark and requesting that Morningside Capital immediately cease its use of the MORNINGSIDE mark. Shortly thereafter, a representative of Morningside Capital left a telephone message that he had just received the letter, was out of the office for a few days, and would respond when he returned. No response was thereafter received.

25. On March 31, 2004, having received no substantive response to its earlier communication, Morningside Group wrote another letter reiterating its request that Morningside Capital cease its use of the MORNINGSIDE mark.

26. To date, Morningside Group has received no response whatsoever to its requests. On the other hand, during this time, Morningside Capital has continued to issue press releases and publicize its investment and banking activities using the MORNINGSIDE trademark owned by Morningside Group.

## COUNT I

### *(Federal Trademark Infringement, 15 U.S.C. § 1114)*

27. Morningside Group incorporates the allegations contained in the preceding paragraphs as if fully set forth here.

28. Morningside Capital's use of the MORNINGSIDE mark is likely to cause consumer confusion as to the source, sponsorship, or affiliation of Morningside Capital's products or services.

29. Morningside Capital's conduct, including as described above, constitutes trademark infringement in violation of 15 U.S.C. § 1114(a).

30. Morningside Capital's infringing conduct is willful, knowing, and in bad faith.

31. Unless Morningside Capital's conduct is enjoined, Morningside Group has suffered and will continue to suffer actual damages and irreparable harm, as to which it has no adequate remedy at law.

## COUNT II

### *(Federal Unfair Competition, 15 U.S.C. § 1125(a))*

32. Morningside Group incorporates the allegations contained in the preceding paragraphs as if fully set forth here.

33. Morningside Capital's use of the MORNINGSIDE mark is likely to cause confusion or to cause mistake or to deceive as to the affiliation, connection or association of Morningside Capital or its services with Morningside Group, or as to the origin, sponsorship, or approval of Morningside Capital's services.

34. Morningside Capital's conduct, including as described above, constitutes unfair competition in violation of 15 U.S.C. § 1125(a).

35. Morningside Capital's infringing conduct is willful, knowing, and in bad faith.

36. Unless Morningside Capital's conduct is enjoined, Morningside Group has suffered and will continue to suffer actual damages and irreparable harm, as to which it has no adequate remedy at law.

## COUNT III

### *(Federal Dilution, 15 U.S.C. § 1125(c))*

37. Morningside Group incorporates the allegations contained in the preceding paragraphs as if fully set forth here.

38. Morningside Group's MORNINGSIDE mark is a famous and distinctive mark.

- 9 -

39. Morningside Capital's use of the MORNINGSIDE mark is without the permission, consent or authorization of MORNINGSIDE and lessens the capacity of Morningside Group's unique, distinctive and famous MORNINGSIDE mark to identify Morningside Group's services.

40. Morningside Capital's adoption and use of the name "Morningside Capital" was undertaken in bad faith and in disregard of the resultant damage and injury to Morningside Group and its trademark.

41. Morningside Capital's conduct, as described above, constitutes dilution of the distinctive quality of the famous MORNINGSIDE mark in violation of 15 U.S.C. § 1125(c).

42. Morningside Capital's conduct is willful, knowing, and in bad faith.

43. Unless Morningside Capital's conduct is enjoined, Morningside Group has suffered and will continue to suffer actual damages and irreparable harm, as to which it has no adequate remedy at law.

## REQUEST FOR RELIEF

WHEREFORE, Morningside Group respectfully requests that this Court:

1. Preliminarily and permanently enjoin Morningside Capital and its predecessors, successors, divisions, subsidiaries, or joint ventures thereof, together with any and all parent or affiliated companies or corporations, and all officers, directors, employees, agents, attorneys, representatives, those acting in privity or concern with them, or on their behalf, from further infringing the MORNINGSIDE mark, or from using any other mark, brand, or designation that is a colorable imitation of the MORNINGSIDE mark, or is likely to be confused with the MORNINGSIDE mark, and from engaging in further unfair competition and unfair or deceptive acts or practices;

2. Award Morningside Group its actual damages in an amount to be determined at trial;

3. Award Morningside Group all of its actual costs and reasonable attorneys' fees in this action, as authorized by 15 U.S.C. § 1117;

5. Enter judgment in favor of Morningside Group on each of its claims; and

6. Grant to Morningside Group such other relief as may be just and warranted under the circumstances.

### JURY DEMAND

Morningside Group demands a trial by jury on all issues so triable.

MORNINGSIDE GROUP LIMITED

By its attorneys,

*/s/ Vinita Ferrera*

Mark G. Matuschak (BBO #543873)
Vinita Ferrera (BBO # 631190)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
(617) 526-6000

Dated: June 18, 2004

- 10 -

BOSTON 1907251v1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __The Morningside Group Limited v. Morningside Capital Corporation__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☒ II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ☐ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ☐ IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ☐ V. 150, 152, 153.

   **04-11396 RCS**

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   __None__

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☒
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☒

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☐   NO ☒

   A. If yes, in which division do all of the non-governmental parties reside?
   Eastern Division ☐   Central Division ☐   Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?   None
   Eastern Division ☐   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☒

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Vinita Ferrera, Esq.__
ADDRESS __Wilmer Cutler Pickering Hale and Dorr LLP, 60 State Street, Boston, MA 02109__
TELEPHONE NO. __(617) 526-6000__

(Coversheetlocal.wpd - 10/17/02)

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS
The Morningside Group Limited

## DEFENDANTS
Morningside Capital Corporation

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** British Virgin Islands
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Ontario, Canada
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS** (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Vinita Ferrera, Esq.
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street, Boston, MA 02109
(617) 526-6000

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
Please see attached page.

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury— Med Malpractice
- ☐ 365 Personal Injury— Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Other

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☒ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND** $ To Be Determined

Check YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: June 18, 2004

SIGNATURE OF ATTORNEY OF RECORD
Vinita Ferrera
/s/ Vinita Ferrera

UNITED STATES DISTRICT COURT